**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 24-cv-02767** |
| | ) | |
| **Plaintiff,** | ) | **SECT. P** |
| | ) | |
| **v.** | ) | **JUDGE PAPILLION** |
| | ) | |
| **HIS SYNDICATE 0033 @ LLOYD'S, et al.** | ) | **MAG. DOSSIER** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## STATUS REPORT

Plaintiff, United States of America, submits this "report to the Court on the status of negotiations and settlement with QBE" Syndicate 1036 @ Lloyd's and COF Syndicate 1036 @ Lloyd's (collectively, "QBE Defendants").  R. Doc. 25 (requiring status report within ninety days of February 12, 2025 order staying this litigation between the United States and QBE Defendants).[1]

Since entry of the stay, the United States and QBE Defendants have continued to progress toward resolution of the United States' claims here.  The United States therefore respectfully requests that the Court maintain the existing stay; doing so does not require an order.

QBE Defendants have not yet entered appearances and are not required by the Court's Order to report on the status of settlement; however, QBE Defendants authorize the United

---

[1] The Court's February 12, 2025 order stayed the litigation between the United States and QBE Defendants but allowed the "litigation between the United States and all Defendants in this case other than QBE Defendants [to] proceed."  R. Doc. 25.  The Court's partial stay has been helpful in allowing the United States and QBE Defendants to pursue meaningful settlement discussions.  A motion to dismiss filed by the non-QBE Defendants is pending.  *See* R. Doc. 30 (motion to dismiss), 44 (United States' opposition brief), 47 (reply in support of motion).

States to represent that they concur with the United States' representations herein and support maintaining the stay.

As background, the United States and QBE Defendants participated in a mediation before United States Magistrate Judge Daniel E. Knowles III (retired) in New Orleans, Louisiana from January 29-31, 2025. Progress was made in the mediation, which prompted the United States to seek the partial stay that the Court issued. *See* R. Doc. 25. The United States' goal is to lodge with the Court a consent decree resolving its claims against QBE Defendants that would be subject to public notice and comment prior to Court approval and entry as final judgment.

Since entry of the stay, the United States and QBE Defendants have continued to work diligently toward a resolution. These efforts include (1) substantive exchanges between the United States and QBE Defendants on the terms that the parties would require should a resolution be achievable and (2) taking material steps to involve the State of Louisiana in any potential resolution of this dispute in order to address potential claims the State of Louisiana may have relating to the MC-20 Incident.

Given the complexity of this dispute, pursuing a possible resolution requires more time, which the parties respectfully request. Keeping the stay in place for now will enable the United States and QBE Defendants to continue their efforts toward a resolution, conserving the parties' and judicial resources. *See Dresser v. Ohio Hempery, Inc.*, 2004 WL 464895, at *2 (E.D. La. 2004) (Vance, J.) (internal quotation marks omitted) ("This Court has the inherent power to stay any matter pending before it in the interest of justice and economy of time and effort for itself, for counsel and for litigants."). And if the Court continues the stay, the United States will file another report to the Court on the status of negotiations and settlement with QBE Defendants within ninety days of the date of this filing.

If the Court has further questions on the status of the United States' and QBE

Defendants' exchanges and efforts toward resolution, the parties are available at the Court's

convenience to provide additional information.


Dated: May 13, 2025


                                        Respectfully submitted,

                                        ADAM R.F. GUSTAFSON
                                        Acting Assistant Attorney General
                                        Environment and Natural Resources Division
                                        United States Department of Justice
                                        Washington, D.C.

                                        s/ Jonah Seligman
                                        Jonah Seligman (LA Bar # 38890)
                                        U.S. Department of Justice
                                        Environment and Natural Resources Division
                                        Environmental Enforcement Section
                                        P.O. Box 7611
                                        Washington, D.C. 20044-7611
                                        Telephone: (202) 353-5505
                                        Jonah.Seligman@usdoj.gov


OF COUNSEL:

Thomas H. Van Horn
David Dubay
Attorney Advisors
National Pollution Funds Center, US Coast Guard
2703 Martin Luther King Jr. Avenue SE
Washington, DC 20593

Heather S. Kennealy
Attorney Advisor
U.S. Coast Guard Headquarters
Office of Claims and Litigation (CG-LCL)
2703 Martin Luther King Jr. Avenue, SE, Stop 7213
Washington, DC 20593-7213

Anne S. Witherup
Attorney-Advisor
Natural Resources Section
NOAA Office of General Counsel
263 13th Avenue South, Suite 177
St. Petersburg, FL 33701

John D. Rudolph
Sarah A. Shattuck
U.S. Department of the Interior
Office of the Solicitor
Division of Parks and Wildlife,
Branch of Environmental Restoration
1849 C Street, NW, MS-6560 MIB
Washington DC 20240

## CERTIFICATE OF SERVICE

I certify that on May 13, 2025, a true and correct copy of the foregoing report was filed with the U.S. District Court for the Eastern District of Louisiana using the Court's CM/ECF system. Notice of this electronic filing will be sent to parties by operation of the Court's Electronic Filing System. Further, consistent with Federal Rule of Civil Procedure 5(b) and Local Rule 5.4, contemporaneous with the filing of the foregoing report using the CM/ECF system, the United States has served the same via electronic mail delivered to counsel for all parties that have not yet appeared.


s/ Jonah Seligman
    Jonah Seligman